UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHESTERFIELD SPINE CENTER, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15 CV 1169 RWS |
| | ) | |
| HEALTHLINK HMO, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on defendants' motion to dismiss plaintiff's amended complaint. Plaintiff provides surgical care to patients in Missouri. Defendant Healthlink provide services associated with the payment of medical care and, according to the amended complaint, was acting as the agent for unserved defendant Benefit Administrative Services (a plan administrator obligated to pay for medical services) and/or defendant Gilster (also allegedly a plan administrator and/or a plan sponsor and employer of patient RC). According to the amended complaint, plaintiff provided medical care to RC in the amount of $60,692.90. Before providing the medical care, plaintiff alleges that it contacted Healthlink to verify that RC was a member of a health plan which would cover RC's medical care. According to the amended complaint, plaintiff and Healthlink had a provider agreement "whereby plaintiff was a participating provider who agreed to provide

medical care to Healthlink's members at predetermined rates." However, plaintiff claims that the agreement is "confidential" and that its confidentiality "precludes its attachment hereto." Plaintiff alleges that this provider agreement requires Healthlink to "use reasonable efforts to contractually require each payor to forward payment due from the payor to provider . . . ." According to the amended complaint, Healthlink verified that RC was covered under a policy administered by Healthlink and that RC's medical care was preauthorized and would be paid for by Healthlink. Plaintiff then provided RC the medical care but defendants failed to pay, alleging that the medical care was "ineligible."

The amended complaint brings four claims. The first three claims are Missouri state law claims brought against Healthlink for negligence, breach of the provider agreement, and promissory estoppel. The last claim is brought under the Employee Retirement and Income Security Act (ERISA), 29 U.S.C. §1001 et seq. Healthlink moves to dismiss Counts I, II and III of the amended complaint as insufficiently pleaded under Missouri law and preempted by ERISA. Healthlink and Gilster move to dismiss Count IV of the amended complaint for failure to exhaust administrative remedies under ERISA.

In ruling on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), I must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Kohl v. Casson*, 5 F.3d 1141, 1148 (8th Cir.

1993).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  While a court must accept factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Carton v. Gen. Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010) (internal citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citations omitted).

Healthlink moves for dismissal of plaintiff's negligence and promissory estoppel claims because they are premised on the provider agreement.  In Count I, plaintiff alleges that the provider agreement created a duty to plaintiff and that Healthlink breached that duty by "failing to provide reasonable efforts to assist plaintiff in obtaining payment for the covered services." [30 at 8].  Similarly, plaintiff alleges in Count III that Healthlink promised in the provider agreement to use reasonable efforts to assist plaintiff in obtaining payment from the payor and failed to so.  [30 at 10].  Under Missouri law, negligence and promissory estoppel

3

claims are precluded where, as here, the parties' rights and obligations arise out of an express contract (the provider agreement). *See Blackburn v. Habitat Development Co.*, 57 S.W.3d 378, 388 (Mo. Ct. App. 2001) ("[P]romissory estoppel serves as an equitable remedy where an express contract does not exist . . . .") (internal quotation marks and citation omitted); *Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 900 (8th Cir. 2014) ("The courts in Missouri have never recognized a mere breach of contract as providing a basis for tort liability.") (quoting *Preferred Physicians Mut. Mgmt. Crp. v. Preferred Physicians Mut. Risk Retention*, 918 S.W.2d 805, 814 (Mo. Ct. App. 1996)). As plaintiff fails to address Healthlink's well-taken arguments as to the sufficiency of Counts I and III under Missouri law, it concedes they are subject to dismissal. *See Bonhomme Inv. Partners, LLC v. Hayes*, 4:13CV475 CDP, 2015 WL 2383475, at *2 (E.D. Mo. May 19, 2015). For these reasons, Counts I and III are dismissed. Because these claims fail under Missouri law, I need not – and therefore do not – decide whether they are also preempted by ERISA.

Count II is also subject to dismissal because plaintiff has not adequately alleged a breach of contract claim under Missouri law.[1] Although plaintiff acknowledges in its amended complaint that the provider agreement it seeks to

---

[1] In Missouri, "[a] breach of contract action includes the following essential elements: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Keveney v. Missouri Military Academy*, 304 S.W.3d 98, 104 (Mo. banc 2010).

4

enforce requires Healthlink to "use reasonable efforts to *contractually require* each Payor to forward payment due from the Payor to Provider" (emphasis supplied), in its breach of contract claim plaintiff pleads only that Healthlink "failed to provide reasonable efforts to assist Plaintiff in obtaining payment from the Payor." Yet plaintiff's allegations do not allege a breach of the provider agreement, which requires Healthlink to use only reasonable efforts to procure a contractual promise from payors to forward payments to providers such as plaintiff. The provider agreement language as pleaded does *not* require Healthlink to use reasonable efforts to assist plaintiff in obtaining payment. Plaintiff does not plead that any other provision of the provider agreement requires Healthlink to use reasonable efforts to assist plaintiff in obtaining payment and did not attach a copy of the contract to the amended complaint (which could have easily been filed under seal if confidential).[2] As plaintiff's amended complaint fails to allege that Healthlink actually breached the provider agreement, Count II will be dismissed without

---

[2] The Court also considers Exhibit A attached to Healthlink's motion to dismiss [32] -- a copy of the contract between Healthlink and defendant Gilster which requires Gilster to pay covered claims to providers such as plaintiff -- because this contract is necessarily embraced by the complaint. *Gorog v. Best Buy Co.*, 760 F.3d 787, 791 (8th Cir. 2014). As Exhibit A demonstrates that Healthlink in fact contractually required Gilster to pay covered claims, plaintiff's breach of contract claim would nevertheless fail even if plaintiff had properly pleaded that Healthlink had breached the "reasonable efforts" provision of the provider agreement. If, consistent with Fed. R. Civ. P. 11, plaintiff relies on some other provision of the provider agreement to establish its breach of contract claim, it may re-plead the breach of contract claim; however, in such case plaintiff should file the contract under seal as an exhibit to the second amended complaint. A claim alleging breach of the provider agreement would not be preempted by ERISA. *Grasso Enterprises, LLC v. Express Scripts, Inc.*, 809 F.3d 1033, 1041 (8th Cir. 2016).

5

prejudice.

Count IV is asserted against all defendants and alleges a denial of benefits under an ERISA plan. Plaintiff alleges that it has standing to bring this claim under an assignment of benefits from RC and as health care provider who provided medical care to an ERISA plan participant. As an assignee of RC's claim to benefits under the plan, plaintiff "stands in the shoes of the assignor, and, if the assignment is valid, has standing to assert whatever rights the assignor possessed." *Grasso Enterprises, LLC v. Express Scripts, Inc.*, 809 F.3d 1033, 1039 (8th Cir. 2016) (internal quotation marks and citation omitted). Thus, plaintiff is likewise required to exhaust an ERISA plan's internal review procedures before bringing suit in federal court unless one of the exceptions to exhaustion of remedies applies. *See id.*; *Brown v. J.B. Hunt Transport Services, Inc.*, 586 F.3d 1079, 1084-85 (8th Cir. 2009).[3] Although plaintiff argues in its opposition papers that it was excused from exhausting administrative remedies, it acknowledges that the amended complaint, as currently drafted, contains no such allegations. Accordingly, plaintiff seeks leave to amend the complaint to adequately plead the issue of exhaustion. I will grant plaintiff leave to amend its complaint to allege the issue of exhaustion of administrative remedies under ERISA as set out in Count IV of the

---

[3] Plaintiff's argument that it has standing to sue on its own behalf as a plan beneficiary without exhausting administrative remedies fails. *Grasso Enterprises*, 809 F.3d at 1040-41.

amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions to dismiss [31, 38] are granted as follows: Counts I and III of plaintiff's amended complaint are dismissed, and Counts II and IV are dismissed without prejudice to plaintiff filing a second amended complaint as set out above within 20 days of the date of this Order.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 4th day of February, 2016.