UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHESTERFIELD SPINE CENTER, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15 CV 1169 RWS |
| | ) | |
| HEALTHLINK HMO, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on defendant Gilster-Mary Lee Corporation's motion to dismiss plaintiff's second amended complaint. On February 4, 2016, I granted defendants' motion to dismiss plaintiff's ERISA claim without prejudice to plaintiff filing a second amended complaint which adequately alleged exhaustion of administrative remedies. Although plaintiff filed a second amended complaint, defendant Gilster argues that plaintiff has not adequately alleged exhaustion of administrative remedies. Accordingly, Gilster seeks dismissal of plaintiff's complaint.[1] For the reasons set out below, the motion to dismiss is denied.

Plaintiff provides surgical care to patients in Missouri. Defendant Gilster is allegedly an ERISA plan sponsor and employer of patient RC. According to the second amended complaint: RC was a Plan participant in Gilster's ERISA benefit

---

[1] Gilster is the only defendant remaining in this case, as plaintiff dismissed defendant Healthlink on February 29, 2016 [53], and the Court granted defendant Benefit Administrative System, LLC's (BAC) unopposed motion to dismiss on May 3, 2016. [66].

plan; plaintiff provided medical care to RC in the amount of $60,692.90; RC's medical care was covered under the terms of the Plan; and, defendant failed to pay for RC's medical care by claiming it was "ineligible." Plaintiff alleges that it received an Explanation of Benefits (EOB) from plan administrator BAC on December 6, 2012, stating that its file was being closed because RC had failed to provide information about the accident which led to his need for medical care. Plaintiff then alleges that it exhausted the Plan's internal review procedures because plaintiff's counsel sent a letter to BAS in response to the EOB dated December 17, 2012, which states that "we have not been contacted by anyone concerning RC. Therefore, this matter is not closed and my client intends to pursue this matter. Contact me immediately so that we may discuss this matter." Although plaintiff did not attach either the EOB or the letter to the second amended complaint, they were pleaded in the second amended complaint so I may properly consider them when ruling on Gilster's motion to dismiss. *See Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011) (court may properly consider materials embraced by the pleadings when ruling on 12(b)(6) motion to dismiss).[2]

Plaintiff's sole claim against Gilster is brought under the Employee Retirement and Income Security Act (ERISA), 29 U.S.C. §1001 et seq. Plaintiff alleges a denial of benefits under an ERISA plan as an assignee of benefits from RC. Gilster once

---

[2] These documents are attached as exhibits to plaintiff's memorandum in opposition to Gilster's motion to dismiss.

2

again moves to dismiss plaintiff's second amended complaint against it for failure to exhaust administrative remedies under ERISA.

In ruling on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), I must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Kohl v. Casson*, 5 F.3d 1141, 1148 (8th Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While a court must accept factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Carton v. Gen. Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citations omitted).

As I have previously stated in my February 4, 2016 Memorandum and Order, as an assignee of RC's claim to benefits under the plan, plaintiff "stands in the shoes of the assignor, and, if the assignment is valid, has standing to assert whatever rights the assignor possessed." *Grasso Enterprises, LLC v. Express Scripts, Inc.*, 809 F.3d 1033, 1039 (8th Cir. 2016) (internal quotation marks and citation omitted). Thus,

plaintiff is likewise required to exhaust an ERISA plan's internal review procedures before bringing suit in federal court unless one of the exceptions to exhaustion of remedies applies. *See id.*; *Brown v. J.B. Hunt Transport Services, Inc.*, 586 F.3d 1079, 1084-85 (8th Cir. 2009). Plaintiff alleges that it has adequately pleaded exhaustion because its December 17, 2012 letter to BAS constituted a notice of appeal of the decision to deny benefits under the Plan. Gilster has not provided a copy of the Plan to the Court for review, so I am unable to determine at this stage of the proceedings whether plaintiff adequately exhausted its administrative remedies under the Plan's terms prior to bringing suit. However, for purposes of deciding the instant motion to dismiss, I conclude plaintiff has adequately alleged exhaustion of administrative remedies such that the motion to dismiss must be denied.

The Eighth Circuit appellate and district court cases cited by Gilster in its reply brief are all distinguishable from the case at bar because they were decided on motions for summary judgment, rather than motions to dismiss, after consideration of additional evidence outside the pleadings, including the Plan language itself. *See Deaton v. Hartford Life and Accident Ins. Co.*, 43 F. Supp. 3d 916, 921-22 (E.D. Ark. 2014) (granting summary judgment to ERISA plan on ground that plan reasonably interpreted letters sent by participant's attorney as request for documents, rather than as timely administrative appeal); *Reindl v. Hartford Life and Accident Ins. Co.*, 861 F. Supp. 2d 997, 1003 (E.D. Mo. 2012) (granting summary judgment to ERISA plan on ground that plan reasonably interpreted letter from participant's attorney as request

4

for more information in consideration of an appeal, rather than as appeal; consequently, plaintiff did not exhaust her administrative remedies as a matter of law), a*ff'd*, *Reindl v. Hartford Life and Accident Ins. Co.*, 705 F.3d 784 (8th Cir. 2013). While these cases may ultimately support an award of summary judgment in Gilster's favor, they do not provide a basis for dismissal under Rule 12(b)(6), which is the only motion before me at this time.[3] As Gilster concedes in its reply brief that its alternative motion for more definite statement is now moot, it will be denied as well.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Gilster-Mary Lee Corporation's motion to dismiss or for more definite statement [54] is denied.

This case will be set for a Rule 16 conference by separate Order.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 5th day of May, 2016.

---

[3] Gilster did not request that I convert its motion to one for summary judgment, and I have not done so.