UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHESTERFIELD SPINE CENTER, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15 CV 1169 RWS |
| ) | |
| GILSTER-MARY LEE CORP., ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

Plaintiff sues defendant Gilster for a denial of benefits under the Employee Retirement and Income Security Act (ERISA), 29 U.S.C. §1001 et seq.[1] Plaintiff provides surgical care to patients in Missouri and treated patient RC in the amount of $60,692.90. RC was a beneficiary of an ERISA benefit plan (the Plan) sponsored and administered by defendant. Before providing the medical care, plaintiff alleges that it verified that RC was covered under the Plan. Plaintiff then provided RC the medical care but defendant ultimately failed to pay because RC and/or plaintiff failed to provide requested documentation.

Defendant moves for summary judgment on the amended complaint for plaintiff's failure to exhaust remedies. According to defendant, plaintiff did not

---

[1] Plaintiff voluntarily dismissed defendant Healthlink MO, Inc. on February 26, 2016. [52]. The Court granted defendant Benefit Administrative Systems, LLC's motion to dismiss on May 3, 2016. [66]. Defendant Gilster is the only remaining defendant in this case.

exhaust the Plan's internal review procedures because it failed to timely appeal the denial of benefits. Plaintiff responds that it did appeal the denial of benefits and, alternatively, that it was excused from doing so. Because plaintiff did not timely appeal the denial of benefits and was required to do so, defendant is entitled to judgment as a matter of law.

## Standards Governing Summary Judgment

The standards for summary judgment are well settled. In ruling on summary judgment, the Court views the facts and inferences therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings but must set forth by affidavit or other evidence specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(c). At the summary judgment stage, I will not weigh the evidence and decide the truth of the matter, but rather I need only determine if there is a genuine issue for trial. *Anderson*, 477 U.S. at 249.

Undisputed Background Facts

RC is the husband of a Gilster employee. Defendant Gilster provides medical benefits to its employees and their families under the Plan. Defendant used Benefit Administrative Services, LLC (BAS) to assist it with the administration of the Plan. At the time of his surgery, RC was a participant in the Plan and claims for benefits were handled for defendant by BAS. The Plan does not provide benefits for work-related illness or injuries covered by worker's compensation insurance. The Plan requires participants to provide information if requested to determine whether a claim is covered under the Plan.

Plaintiff performed spine surgery on RC in 2011. Plaintiff alleges that it verified RC was eligible for benefits under the Plan before performing surgery. BAS received Claim No. 24743249-01 with a service date of September 7, 2011, from plaintiff for RC's surgery and, in response, sent plaintiff a letter on October 19, 2011. This letter states that the processing of the claim was delayed because BAS was awaiting "accident details." RC's wife was copied on the letter. BAS also contacted plaintiff by telephone on numerous occasions to advise that BAS still needed accident information to process the claim. Neither plaintiff nor RC ever provided the requested accident information.

BAS sent an Explanation of Benefits (EOB) to plaintiff denying the claim for RC on November 29, 2012. The EOB states the entire requested amount of

$60,692.90 is "ineligible" and under the section entitled "Reason Code Description" it states that "[w]e are closing our file at this time. There has been no response to the requests for information that have been sent multiple times." Under the section entitled "Messages" the EOB states that the file is closed due to lack of response to requests for accident information from the member. The EOB then provides the following the information:

> If your claim is denied in part or whole, you may appeal the determination by submitting written comments, documents, records or other information relating to the claim, and, upon request and free of charge, receive copies of all documents, records and other information relevant to the claim. Your appeal must be submitted in writing to the plan administrator within 180 days after receipt of this notice. You will be notified of the determination within 60 days after receipt of your appeal. In addition, following the determination of your appeal you have a right to bring a civil action under Section 502(a) of ERISA.

The Plan requires all appeals be submitted in writing within 180 days following the initial denial of benefits and include "all facts and theories supporting the claim for benefits" and a "statement in clear and concise terms of the reason or reasons for disagreement with the handling of the claim."

On December 17, 2012, plaintiff's counsel sent BAS a letter stating that "we have not been contacted by anyone concerning RC. Therefore, this matter is not closed and my client fully intends to pursue this matter." Neither BAS nor defendant received anything else from plaintiff regarding RC's claim for benefits. Plaintiff subsequently filed this lawsuit on July 29, 2015.

Discussion

As an assignee of RC's claim to benefits under the Plan, plaintiff "stands in the shoes of the assignor, and, if the assignment is valid, has standing to assert whatever rights the assignor possessed." *Grasso Enterprises, LLC v. Express Scripts, Inc.*, 809 F.3d 1033, 1039 (8th Cir. 2016) (internal quotation marks and citation omitted). Thus, plaintiff is likewise required to exhaust an ERISA plan's internal review procedures before bringing suit in federal court unless one of the exceptions to exhaustion of remedies applies. *See id.*; *Brown v. J.B. Hunt Transport Services, Inc.*, 586 F.3d 1079, 1084-85 (8th Cir. 2009). Exhaustion of administrative remedies is a threshold legal question that should be reviewed de novo. *See Kinkead v. Sw. Bell Corp. Sickness & Accident Disability Benefit Plan*, 111 F.3d 67, 68 (8th Cir. 1997). Here, the Plan requires all appeals be submitted in writing within 180 days of the denial of benefits and include "all facts and theories supporting the claim for benefits" and a "statement in clear and concise terms of the reason or reasons for disagreement with the handling of the claim."

Plaintiff argues that counsel's letter was an appeal of the denial of benefits under the Plan.[2] It was not. The undisputed facts demonstrate that the letter,

---

[2] Contrary to plaintiff's argument in opposition to summary judgment, the EOB was an adequate initial denial of the claim and did not excuse plaintiff's compliance with the Plan's exhaustion requirements. As the Eighth Circuit held in *Kinkead v. Sw. Bell Corp. Sickness & Accident Disability Benefit Plan*, 111 F.3d 67, 69 (8th Cir. 1997), "[a]t this early stage of the claim process, administrative efficiency is a virtue, so long as disappointed claimants are advised of their right to pursue the plan's review procedures. Therefore, the initial claim denial need not be

5

which was submitted well within the time period for appealing the decision, simply informed BAS[3] of counsel's representation and announced plaintiff's intention "to pursue the matter." It did not include any facts or reasons supporting plaintiff's claim for benefits, and it did not state any reason for disagreeing with the decision. Plaintiff still had ample opportunity to timely file an appeal within the 180 day time period and did not do so. Under these circumstances, counsel's letter was not an appeal and plaintiff did not exhaust administrative remedies as a matter of law. *See Reindl v. Hartford Life & Acc. Ins. Co.*, 705 F.3d 784, 788 (8th Cir. 2013) (letter from counsel requesting information for future appeal was not an appeal under the terms of the plan, which required appeal to outline position regarding denial of benefits); *Goewert v. Hartford Life & Acc. Ins. Co.*, 442 F. Supp. 2d 724, 728-29 (E.D. Mo. 2006) (letters written on behalf of plaintiff by physician regarding denial of benefits was not an appeal because the plan required plaintiff to

---

extensive, provided that it explains the basis for the adverse initial decision sufficiently to permit the claimant to prepare an informed request for further review." As in *Kinkead*, the EOB here triggered the exhaustion requirement because it explained that the claim was being denied for failure to provide the requested information and advised plaintiff of the Plan's appeal requirements.

[3] Because the letter does not constitute an appeal under the Plan, I need not reach the issue of whether notifying BAS instead of defendant was sufficient to perfect an appeal under the terms of the Plan. Even if I assume for purposes of deciding this motion only that it was sufficient, defendant is still entitled to summary judgment because the letter itself – regardless to whom it was sent – did not amount to an appeal.

personally file a written, signed and dated appeal).[4]

ERISA plan participants are not required to exhaust their claims if they can demonstrate that exhaustion would be wholly futile. *Burds v. Union Pacific Corp.*, 223 F.3d 814, 817 n.4 (8th Cir. 2000). "The futility exception is narrow – the plan participant must show that it is certain that her claim will be denied on appeal, not merely that she doubts that an appeal will result in a different decision." *Brown*, 586 F.3d at 1085 (internal alterations and quotation marks omitted). Moreover, plan participants are not required to exhaust if the plan fails to provide required notice and review procedures. *Id.*

Plaintiff argues in cursory fashion that it should be excused from complying with exhaustion requirements because an appeal would have been futile, but it offers no evidence to meet the requirements of the futility exception. Given that benefits were denied for failure to provide information, there is no evidence in the record demonstrating that defendant would have denied the claim had the requested accident information actually been provided.

Plaintiff's argument that defendant failed to provide adequate notice and

---

[4] Unlike the defendants in *Reindl* and *Goewert*, here the defendant never denied plaintiff's appeal as untimely because plaintiff never submitted anything other than counsel's letter, which was not an appeal. Therefore, unlike the courts in those cases, I am not evaluating the underlying denial of benefits question and need not reach the issue of what standard of review applies to such a determination under the terms of the Plan. *See Goewert*, 442 F. Supp. 2d at 727 (if the defendant denied benefits for failure to appeal in a timely manner, then the court must decide what standard of review to apply to such a decision; however, a denial of plaintiff's claim for failure to exhaust administrative remedies is a de novo legal issue).

review also fails.  Plaintiff complains that defendant failed to follow "reasonable claims procedures" as required by ERISA, but defendant complied with the statute and regulations because it provided plaintiff with far longer than the required 45 days to submit the requested information.  Defendant was under no obligation to provide plaintiff with *only* 45 days to provide the requested information, and plaintiff cannot claim that it did not have sufficient opportunity to submit the requested information when it had more than a year to do so.  *See* 29 C.F.R. § 2560.503-1(f)(2)(iii)(B).  Plaintiff's barebones citation to various other regulations does not excuse plaintiff's compliance with the exhaustion requirements, either, and I agree with defendant that these regulations were either followed or inapplicable for the reasons stated by defendant in its reply brief.  Plaintiff was given ample opportunity to provide the requested information and did not do so.  After the claim was denied, plaintiff was informed of the reason for the denial and advised of its appeal rights under the Plan.  It did not appeal, and in doing so failed to exhaust its administrative remedies.  Plaintiff has not demonstrated that it was excused from compliance with the exhaustion requirement, so defendant is entitled to summary judgment on plaintiff's complaint.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [82] is granted, and plaintiff's complaint is dismissed with prejudice.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 25th day of April, 2017.