UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHESTERFIELD SPINE CENTER, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> GILSTER-MARY LEE CORP., ) <br> ) <br> Defendant. ) | Case No. 4:15 CV 1169 RWS |

## **MEMORANDUM AND ORDER**

This matter is before me on defendant's motion for attorney's fees and bill of costs. On April 25, 2017, I granted summary judgment to defendant on plaintiff's EIRSA claim. [96]. Defendant then filed timely motions for attorney's fees and costs. Plaintiff has not objected to the motions, and its time for doing so has expired. I will direct the Clerk of Court to tax costs as requested and award fees in the requested amount of $19,614.77.

Under ERISA, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Courts considering an award of attorney's fees under ERISA should apply this discretion consistent with the remedial purposes of ERISA. *Starr v. Metro Sys., Inc.*, 461 F.3d 1036, 1040 (8th Cir. 2006). The Eighth Circuit Court of Appeals has directed me to consider the following five factors when considering whether to award fees

here: 1) the degree of plaintiff's culpability or bad faith; 2) the ability of plaintiff to pay fees; 3) whether an award of fees could deter other plaintiffs acting under similar circumstances; 4) whether defendant sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal issue regarding ERISA; and 5) the relative merits of the parties' positions. *Lawrence v. Westerhaus*, 749 F.2d 494, 495-96 (8th Cir. 1984).

After careful consideration of these factors, I will award fees as requested. Although I do not find that plaintiff acted in bad faith, it is a sophisticated ERISA plaintiff which has brought many of these types of cases and is certainly familiar with the statutory exhaustion requirements and its obligation to timely appeal the denial of benefits, yet it chose to prosecute this case despite its failure to do so. Defendant has an obligation to all Plan participants to ensure that ERISA's requirements are enforced, which it did in this case. Defendant (and the members of the Plan) should not be forced to bear the burden of fees under these circumstances, especially since plaintiff has offered no objection to defendant's representation that plaintiff can afford the requested fees.

For these reasons and without objection by plaintiff,

**IT IS HEREBY ORDERED** that defendant's unopposed motion for attorney's fees [98] is granted, and plaintiff shall pay $19,614.77 to defendant as attorney's fees.

**IT IS FURTHER ORDERED** that the unopposed motion for bill of costs [101] is granted, and the Clerk of Court shall tax costs as requested.

                                                   _____
                                                   RODNEY W. SIPPEL
                                                   UNITED STATES DISTRICT JUDGE

Dated this 19th day of May, 2017.